THE TEXAS COMPANY (PORTO RICO) INC., Petitioner and Appellant, v. WORKMEN'S RELIEF COMMISSION, Respondent and Appellee.

No. 4720.  Argued June 19, 1929.—Decided January 23, 1930.

*O. B. Frazer* and *R. Castro Fernández*, for appellant. *James R. Beverley, Attorney General,* and *E. Aldrey, Assistant Attorney General,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the judgment of the District Court of San Juan, annulling a writ of certiorari. The petitioner there complained of the action of the Workmen's Relief Commission in treating petitioner, The Texas Company, as if it

were an uninsured employer whereas petitioner alleged that the records of the Workmen's Relief Commission failed to show it was such an uninsured employer and on the contrary showed that the said Texas Company was in fact insured. The Commission awarded compensation to a working man. The petitioner appellant did not complain in the court below nor in this court of the award made by the Commission, but its recourse to the courts was based exclusively on its contention that it was an insured employer. The result of treating petitioner as an uninsured employer would subject it under section 20 of the Workmen's Accident Compensation Act, Laws of 1925 p. 942, to a special procedure at the instance of the Attorney General and perhaps to additional expenses. The petition alleged that the action of the Workmen's Relief Commission was entirely null and void and that the said commission was entirely without jurisdiction to make the said award. Relief was prayed under section 28 of the said Act as amended or under the general law of certiorari.

The District Court of San Juan, following a previous opinion rendered by Mr. Justice Llauger, upon annulling the writ held that from the orders of the Workmen's Relief Commission certain remedies lay but that no certiorari lay to review the award rendered in this case; that the certiorari awarded under section 28 of the Act did not apply and that the general law of certiorari only permitted the review of actions or procedures by courts; that in Porto Rico the remedy by certiorari was purely statutory and that there was no authority for the issuance of certiorari in the case submitted.

Appellant does not contend at all that it has a remedy by certiorari under any act affecting workmen's relief. Its claim arises by a process of exclusion. Assuming no special writ of certiorari under the Workmen's Accident Compensation Act, petitioner says it could not appeal because it was not attacking the award; that the Workmen's Relief Commission is a quasi-judicial body whose decisions should be reviewable by certiorari when no appeal lies.

Section 1 of the statute governing the general right of certiorari is as follows:

"Section 1.—(Definition). A writ issued by a superior to an inferior court requiring the latter to send to the former a certified copy of some proceeding therein pending, or the record and proceedings in some cause already terminated in cases where procedure is not according to the course of the law, and to complete the proceedings when the lower court refuses to do so upon erroneous grounds."

It is evident, as held by the court below, that this writ applies only to review the actions of courts.

The appellant invokes the inherent powers of courts, but where the legislature has expressed itself as under the general certiorari act, we find thereunder no justification for the review of actions of boards created by the said legislature. Appellee makes the following citation:

"If a court has common-law jurisdiction, it would seem that the power to issue the writ in a proper case is inherent. In most states, however the constitution or statutes expressly, or by necessary application, authorize all or certain courts to issue the writ. Unless the authority is inherent, or the jurisdiction is expressly or impliedly conferred by constitutional or statutory provision, there is no power to issue the writ." 11 Corpus Juris, p. 139, par. 105.

The Courts of Porto Rico are not common-law courts.

Furthermore the appellant does not convince us that an appeal to review the decision complained of did not lie under section 9 of the Act of 1925, laws of that year, p. 930. It provides:

"Section 9.—Appeals from the decisions of the Workmen's Relief Commission to any district court shall be allowed to the claimant, his beneficiaries or heirs in all cases of permanent partial disability, permanent total disability or death. Likewise the employer may appeal from any decision of the commission when such decision is to the effect that the accident is one for which compensation is granted under this Act."

A general appeal, it would seem, could raise the incidental question.

In any event if the board was without jurisdiction then the petitioner ought to have had other means of protecting itself that we need not suggest.

We find nothing in the laws of Porto Rico to authorize the certiorari solicited and the judgment will be affirmed.